MORGAN COUNTY, TENNESSEE, Plaintiff in Error, v. S. H. and MARTHA JONES, Defendants in Error.

Eastern Section. July 26, 1930.

W. Y. Boswell, of Wartburg, for plaintiff in error.
Judge S. H. Justice, of Wartburg, of counsel.
Davis & Davis, of Wartburg, for defendant in error.

SENTER, J. This is a condemnation suit from Morgan county, Tennessee, in which Morgan county sought to condemn a strip of land, or a part of the lot located in the town of Sunbright in Morgan county, and on which there was a frame warehouse building. Previously the county had condemned a right of way about 3,000 feet in length for the building of a state highway referred to as the Air Line. Subsequently, it became necessary for the county to condemn this particular lot adjacent to the right of way so as to build a canal over and across said lot to turn the water from a branch or creek into Oak Creek, and this condemnation proceedings was for that purpose. A jury of view was appointed and fixed the value of the lot at about $1660, and the defendants in error appealed from that award to the Circuit Court of Morgan county, where the condemnation suit was there tried by a jury and the circuit judge. Upon a trial of the case in the Circuit Court the jury returned a verdict in favor of the owners, S. H. Jones and wife, Martha Jones, for the sum of $2500. The plaintiff in error made a motion for a new trial setting forth several grounds, which motion was overruled and disallowed, and the circuit judge on said verdict decreed a judgment in favor of Jones and wife for the amount fixed by the jury verdict, $2500, and all the costs of the proceedings, and decreed a perpetual easement to Morgan county in the property condemned. From the action of the court in overruling its motion for a new trial and rendering judgment against it and in favor of Jones and wife, Morgan county was granted an appeal in the nature of a writ of error to this court, and has assigned errors.

Appellees S. H. Jones and wife, Martha Jones, have filed their motion in this court to dismiss the appeal and the assignments of error on the grounds that the bill of exceptions appearing in the record was not seasonably filed.

The bill of exceptions was filed on March 30, 1929. There is copied into the transcript a minute entry dated Saturday, March 2, 1929, which is as follows:

"Saturday, March 2, 1929.

"Court met pursuant to adjournment. Present and presiding the Hon. W. H. Buttram, judge, the same judge as on yesterday, when the following further proceedings were had and entered of record to-wit:

"Morgan County                                    "No. 600.
    "vs.                                 "In the Circuit Court
"S. H. Jones, and wife, Martha Jones.        at Wartburg, Tenn.

"This case came on for hearing before the court on the 25th day of February, 1929, upon the motion of the plaintiff, Morgan county, for a new trial. Upon application of deft., the hearing of the motion was passed so as to give defts. time in which to procure and file counter-affidavits.

"The case came on for final hearing on the 27th day of February, 1929, upon the motion of Morgan county for a new trial, and the affidavits and exhibits in support of said motion and the counter-affidavits filed and introduced in the case by the defts., S. H. Jones and wife, resisting said motion for a new trial. Upon consideration of all which as well as the entire record and file in the case, the court is pleased to disallow and overrule said motion, and to render judgment upon the verdict of the jury."

(Here follows the judgment of the court.)

"Morgan county by its attorney excepts to the action of the court in overruling and disallowing its motion for a new trial, excepted to at the time and now excepts, and prayed an appeal to the next term of the Court of Civil Appeals, at Knoxville, Tennessee, which appeal is granted, and Morgan county is allowed thirty days in which to prepare and file its proper bill of exceptions.

"Thereupon, court adjourned until court in course.

"W. H. Buttram, Judge."

Under its motion appellees contend that it appears from this entry that final action was taken on the motion for a new trial and the judgment rendered, and the appeal therefrom prayed and granted on February 27, 1929, and that by the same entry appellants were allowed thirty days from that date in which to file its bill of exceptions, and hence the bill of exceptions was not filed within the thirty days allowed by the court.

To this contention we cannot agree. This entry was entered on the minutes of the court on Saturday, March 2, 1929, and the entry was signed by the trial judge on March 2, 1929. While the entry recites in its face that it was heard and overruled on February 27, the whole matter was still in the breast of the court, and subject to any further orders of the court. We are of the opinion that the thirty days allowed by the court for the filing of the bill of exceptions would begin with the date that the entry appears on the minutes of the court, and that from this entry the action was actually taken and the order allowing thirty days for filing the bill of exceptions and the order signed by the trial judge on March 2, 1929. The motion to strike the bill of exceptions is accordingly overruled.

We come now to consider the assignments of error filed by appellant.

The first and second assignments state that there is no evidence to support the verdict of the jury and that the evidence preponderates against the verdict.

Under these two assignments appellants indulge in a discussion and an analysis of the evidence, on the question of the value of the property taken by the county, and in this way seek to show that the reliable evidence shows the verdict to be largely in excess of the value of the property taken and the damages thereto. However, numerous witnesses were examined by the respective parties on the question of the value of the property, and many of the witnesses fix the value at from $3,000 to $3500. For appellants it is urged with much earnestness that this was a small lot with a dilapidated frame warehouse on the lot, located in a small town of about 500 people, and that its value by witnesses for the owners was greatly exaggerated. There was a decided conflict in the evidence as to the value of the property taken. It ranged all the way from about $1,000 to about $3,500. The trial jury by the verdict rendered, and the verdict having been concurred in by the trial judge, settled this controversy, and there being evidence to support the verdict, it cannot be disturbed on appeal.

By the third assignment appellants challenge the action of the court on the matter of the procedure with reference to the introduction of evidence and the order of the arguments to the jury. It was the contention of the county that on the appeal to the Circuit Court that the county, being the plaintiff, and the case being tried de novo, that it was the county's right to first introduce its evidence and also its right to have the opening and the closing of the argument to the jury, and that by the ruling of the trial judge it was denied this right. Neither party has cited authorities on this question. However, Jones and wife, as the owners of the property condemned, excepted to the report of the jury of view and appealed from the award of the jury of view to the Circuit Court. Condemnation suits are separable. The first question is as to the right of the county to condemn the property for the purposes for which it is sought to be condemned. Upon this question the burden of proof is upon the party seeking to condemn. The second is with reference to the value of the property and the damage sustained by the owner. Upon this question we think the burden of proof is upon the owner. The owner did not interpose any objection to the right of the county to condemn the property for the purposes for which it was taken. Apparently it was conceded that the county was entitled to condemn the property for the purpose for which it was taken, and hence there was no controversy on that branch of the case. The order of condemnation having been made, a jury of view was appointed to fix the value and damages, and this was done by the jury of view and its report was made to the circuit judge.

Whereupon, the owners of the property filed exceptions to the report of the jury of view and appealed from the award. The only question then to be tried on appeal and on the exceptions to the report was the amount to be awarded to the owners, and it then devolved upon the owners, who alone had excepted to the report of the jury of view, to show by proof that the amount as fixed by the jury of view was insufficient to compensate the owner for the property taken and the damages resulting.

We are therefore of the opinion that the learned trial judge properly held that the owners of the property should first introduce their evidence, and would be entitled to open and close the argument. It results that this assignment is overruled.

This also disposes of the fourth assignment on the question of the right of the county to open and close the arguments.

The fifth assignment of error will be disposed of after disposing of the sixth, seventh, and eighth assignments. By the sixth assignment it is said that the trial judge erred in not granting the motion for a new trial because of newly-discovered evidence. The newly-discovered evidence relied upon under this assignment is that it was later discovered that a part of this particular lot had been included in the right of way previously taken for road purposes, and for which the owners had already been paid. We do not think this assignment can be sustained. No such defense was made in the pleadings. The county certainly knew at the time of the second condemnation proceedings just what property it had acquired in the proceedings for the condemnation of the right of way for the highway. This fact was peculiarly within the knowledge of the county officials, who instituted the second proceedings. This particular lot of real estate was condemned for a separate and distinct purpose from that of the first taking of the right of way for road purposes. It became desirable to acquire this particular lot or parcel of land for the cutting of a ditch or a canal that would change the course of a branch or waterway necessary to the protection of a road. If, as a fact, a part of this particular lot was included in the right of way previously condemned and taken for road purposes, this fact could have been known or ascertained by the county by the exercise of proper diligence. The granting of a motion for a new trial on the alleged grounds of newly-discovered evidence is largely a matter in the discretion of the trial judge, and unless there is a clear abuse of the discretion by the trial judge his action will not be reversed on appeal. The sixth assignment of error is accordingly overruled.

By the seventh assignment it is said that the cutting of the ditch or canal in question across this lot was but an incident to the taking of the adjacent property for road purposes, and that it should have been an element of damages to have been considered in compensating

the owners for the right of way previously taken for road purposes. This contention cannot be sustained for the reason that at the time the right of way adjacent to this lot was taken for road purposes it was not known that this particular lot would also have to be taken and used for the digging of the canal in changing the course of the waterway. Besides, the county did not consider that it had acquired any rights to this particular lot under the former proceedings, else there would have been no necessity for this second proceedings. The seventh assignment is overruled.

The eighth assignment complains that appellant should not have been required to go to trial because of the absence of witnesses. This assignment cannot be considered because it does not comply with the rules of this court, in that it is general and not specific. This assignment being as follows:

"The lower court committed error in forcing the plaintiff to go to trial in the absence of several of its most important witnesses, and in requiring it to go to trial in the way and manner in which it was required to do."

The names of the witnesses, or what fact could have been proven by them or either of them, or whether the evidence would be material, does not appear from this assignment. It is vague, indefinite, uncertain, and general, and not in compliance with the rules of this court.

By the ninth assignment it is said that the verdict and judgment is so excessive as to show passion, prejudice and caprice upon the part of the jury. The verdict in this case was for the value of the property taken by the county. This was a question of fact to be determined by the jury from the evidence. The measure of damages is the value of the property taken in its condition at the time it was taken. In disposing of the first and second assignments of error, we have, in effect, disposed of this assignment. The jury heard all the evidence and arrived at its verdict. The trial judge, by overruling the motion for a new trial, concurred in the verdict, and there was material evidence to support the verdict, and we think the verdict is supported by a preponderance of the evidence. This assignment is also overruled.

By the fifth assignment it is said that the trial judge was in error in not setting aside the verdict and granting a new trial because there was no legal or lawful trial of the case, for the reason that the jury trying the case was not sworn by the court or the clerk of the court, or anyone else, to well and truly try the issues joined, and that the verdict of the jury is for that reason void.

This question was made for the first time on the motion for a new trial, and the affidavits of several of the jurors were filed in support of the motion for a new trial, as was also the affidavit of the clerk of the court. The substance of the affidavits by the several members of

the jury was that if they were sworn as jurors to well and truly try the issues they did not know it, and did not hear the oath administered. The minute entry written by the clerk of the court contains the following statement:

"Thursday, February 21, 1929.

"Court met pursuant to adjournment. Present and presiding the Hon. W. H. Buttram, Judge, . . .

"Morgan County
"vs. } "In the Circuit Court
"S. H. Jones and wife, Martha Jones. of Wartburg, Tennessee.

"CONDEMNATION.

"This case came on to be heard on this the 20th day of February, 1929, before W. H. Buttram, Judge, and the following jury to-wit: (The names of the jurors are here set out.)

"All good and lawful men, householders, or freeholders of Morgan county, duly elected, impanelled and sworn to well and truly try the issues in this case and a true verdict render according to the law and evidence, . . . "

The above entry on the minutes of the court was signed by the trial judge. From this it affirmatively appears that the jury was sworn to well and truly try the issues and a true verdict render according to the law and the evidence. The affidavits of the jurors and of the clerk were ex parte. The jurors were not presented as witnesses, and the lady clerk of the court was not presented as a witness, but their respective ex parte affidavits were filed. Both the attorneys representing the appellees filed ex parte affidavits and in which they each stated that the jury was sworn by the trial judge, and that they had a distinct recollection of the trial judge swearing the jury after it was empanelled and before the evidence was introduced. Mr. Jones, the owner of the land, also signed the affidavit stating that he had a distinct recollection of the jury having been sworn. The record does not disclose that the trial judge made any statement on the subject, and he does not file an affidavit, but he presided at the trial, and he is presumed to have had the clerk to swear the jury or to have sworn the jury himself. We know from experience and observation that this is usually a formality that does not especially challenge the attention of the jury. The attorney representing the county did not file an affidavit on the subject. We do not think that the minute entry signed by the trial judge can be successfully impeached by ex parte affidavits purely negative in character. The fact that the learned trial judge who presided at the trial of the case declined to grant the motion for a new trial on this ground carries with it a strong presumption that he was conscious that the trial had been regularly conducted, which would include the swearing of the jury. For these

reasons we are of the opinion that this assignment of error cannot be sustained.

It results that all assignments of error are overruled and the judgment of the lower court is affirmed. Judgment will be rendered here for the amount of the judgment below with interest thereon, and the cost of the cause, as in the court below in favor of appellees and against Morgan county, Tennessee; and the decree of condemnation and the vesture of the easement as decreed by the learned trial judge is affirmed. Appellant and sureties on the appeal bond will pay the cost of this appeal.

Owen and Heiskell, JJ., concur.