# DICKSON et ux. v. DAVIDSON COUNTY et al.—188 S. W. (2d) 114.

Middle Section.   February 24, 1945.

Petition for Certiorari denied by Supreme Court, May 15, 1945.

Maddin, Bailey & Powell, of Nashville, for plaintiffs in error.

Horace Osment, of Nashville, for defendants in error.

HOWELL, J. The plaintiffs, Wesley A. Dickson and his wife, own a triangular tract of land in the forks of the Murfreesboro and Couchville Pikes about four miles southeast of Nashville, fronting 2014 feet on the Murfreesboro Pike and 2142 feet on the Couchville Pike. The State of Tennessee with the co-operation of Davidson County had constructed a two lane highway on the Murfreesboro Road from the Lewisburg & Northern underpass to the road leading to the Municipal Airport just beyond the Central Hospital for the Insane, a distance of about three miles. Several feet beyond the intersection of the Couchville and Murfreesboro Pikes the State and County erected an overhead passway or bridge

so that the east going traffic on the Murfreesboro Pike going out the Couchville Pike could make a left turn into the pike without crossing the incoming or westbound traffic on the Murfreesboro Pike on the same grade. To construct the north approach to this overhead crossing which is some distance beyond the intersection of the Couchville Pike with the Murfreesboro Pike, it was necessary to appropriate about .8 of an acre of the land belonging to the plaintiffs.

This suit was filed to recover from the County the value of the property appropriated and for incidental damages to the remainder of the tract. The case was tried in the Circuit Court of Davidson County and the jury returned a verdict for the plaintiffs for $750 as the actual value of the land taken and $1,250 as incidental damages to the remainder, a total of $2,000. The trial Judge approved this verdict and entered judgment for that amount with interest and the costs.

After proper procedure, the plaintiffs have appealed in error to this Court and have filed asignments of error. The first two assignments of error relate to the amount of the verdict and insist that it is so inadequate as to indicate passion, prejudice and caprice on the part of the jury and a disregard for all proof. The third assignment of error relates to the action of the trial Judge in permitting the introduction of testimony as to the amount paid by the plaintiffs for the entire property a little less than three years before the construction of the passway.

It is not disputed that a trial Court has the power to set aside a verdict of a jury either upon the ground of its inadequacy or its excessiveness. The Court must be satisfied however that the amount of the verdict was the result of passion, prejudice or unaccountable caprice

or corruption upon the part of the jurors. See Burckell v. Memphis Street Railway Co., 2 Tenn. Civ. App. 576, 2 Higgins 576, 584.

It is insisted that the verdict of the jury as approved by the trial Judge is inadequate and not supported by any proof. The rule of law upon this subject is that in a condemnation case where there was much conflicting testimony but was evidence to support the amount found by the jury, the verdict should not be disturbed. In the case of Morgan County v. Jones, 12 Tenn. App. 197, on page 201, the Court said: "The trial jury by the verdict rendered, and the verdict having been concurred in by the trial judge, settled this controversy, and there being evidence to support the verdict, it cannot be disturbed on appeal." See many other cases.

The expert witnesses for the plaintiff fixed the value of the land taken and incidental damages to the remainder as follows: A. T. Jones, $33,000 and John U. Wilson, $30,000. The expert witnesses for the defendant fixed these values as follows: Ed. T. Horn, $1,500, Max Benz, $300 and I. H. Gibson, $2,000.

Under such circumstances where there is such a great difference of opinion among the expert witnesses it was the duty of the jury to weigh all the evidence and fix such values as in their opinion were sustained by the preponderance of the proof. They did this and fixed the value of the land taken at $750 and incidental damages to the remainder at $1,250, in all $2,000. There was testimony to support these values and the verdict of the jury was approved by the trial Judge.

The third assignment of error is:

"The learned Trial Judge was in error in overruling ground number nine of the appellants' motion for a new

trial and said ground as set out in the motion for a new trial is as follows:

" '(9) The Court erred in allowing introduction of the following testimony, to which plaintiffs duly excepted:

" 'By Mr. Osment, For the Defendant County of Davidson:

" 'Q. Mr. Dickson, the tract of 21.32 acres that you have heretofore stated that you owned, was purchased by you in October, 1938, is that true? A. Yes, sir.

" 'Q. And you paid for the property then $14,500.00? A. That is the first payment; then I spent $10,000.00 myself which—

" 'The Court: He didn't ask you that; he just asked you what the price of the original tract would be. A. Yes sir.

" 'Mr. Bailey: May it please the Court, I would like the record to show that I respectfully except to Your Honor's ruling.

" 'The Court: Yes, sir.' "

██ ██ The plaintiff Wesley Dickson on direct examination testified that he and his wife had bought the property involved on October 17, 1938, and had spent between ten and twelve thousand dollars in improvements. This suit was begun in April 1942, the overhead bridge having been constructed in 1941, after the building of the two lane highway on the Murfreesboro Pike. We see no prejudicial error in permitting the cross-examination of Mr. Dickson as set out above. The purchase price of the property voluntarily bought by the plaintiffs less than three years before was competent as an element to be taken into consideration by the jury in determining both the value of the land taken and the incidental damages

to the remainder. Any changes in the surrounding conditions, such as the rebuilding of a part of the Couchville Pike and the rebuilding of the Murfreesboro Pike were in evidence.

The rule of law upon this subject is appropriately stated in Lewis on Eminent Domain, Vol. 2, 3 Ed., par. 664 on page 1144 as follows: "Proving the cost of the property or of improvements thereon. If the owner has purchased the property within a time so recent that its cost will afford any fair indication of its present value, it is competent to show the cost. So of the cost of improvements recently put upon the property. If such evidence is received, it is competent for the opposite party to show any change of circumstances or condition or other facts which would tend to make the value at the time of the taking more or less than the cost proved. Where property is improved with buildings or other structures the general rule is that the evidence must be confined to the value of the property as a whole and that evidence of the cost of the improvements or of their structural value or of the cost of reproducing them is not competent. The cost price at forced sale has been held competent in some cases and incompetent in others. Whether the purchase of the property was too remote to be evidence of value will depend upon local conditions. In the cases cited sales from seven or seventeen years before were held too remote."

The assignments of error are overruled and the judgment of the trial Court is affirmed.

Judgment will be entered here in favor of the appellants Wesley A. Dickson and wife Edith B. Dickson and against the defendant Davidson County for the sum of

$2,000 and interest from September 10, 1941, and the costs of the trial Court. The appellants and their surety upon the appeal bond will pay the costs of the appeal.

Felts and Hickerson, JJ., concur.

Affirmed.